AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jorge Esteban Bernal-Samario | ) | Case No. 7:25-MJ-105 |
| | ) | |
| *Defendant(s)* | ) | |

FILED
April 04, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: M. Ramirez
DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  April 2, 2025  in the county of  Midland  in the
  Western  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry After Deportation from the United States |

This criminal complaint is based on these facts:

Please, see the attached Affidavit, herein incorporated by reference.

☒ Continued on the attached sheet.

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

/s/ Steven Storie
*Complainant's signature*

Steven Storie, Deportation Officer
*Printed name and title*

Sworn to be before me and signed in my presence.

Date: 04/04/2025

*Judge's signature*

City and state: Midland, Texas

Ronald C. Griffin, United States Magistrate Judge
*Printed name and title*

**<u>AFFIDAVIT</u>**                              7:25-MJ-105

COMES NOW, Steven Storie, Affiant, who after first being duly sworn, deposes under oath and states as follows:

1.  I am a Deportation Officer with the Enforcement and Removal Operations (ERO) branch of Immigration and Customs Enforcement (ICE). As such, I am categorized as a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and am, therefore, empowered to conduct investigations and tender arrests for violations of relevant sections of the United States Code.

2.  My duties include enforcing immigration laws against persons and organizations who present a danger to national security and public safety, focusing on those who violate the integrity of the immigration system. As such, I possess specialized training and experience relating to the targeting and interdiction of public safety threats, which includes convicted criminals, undocumented individuals, and gang members, as well as individuals who have otherwise violated the nation's immigration laws such as those who illegally re-entered the United States after deportation, and the apprehension of immigration fugitives ordered removed by federal immigration judges. I have been so employed for approximately 17 years with the Department of Homeland Security (DHS). I have participated in numerous investigations relating to the preceding offenses.

3.  The information contained in this Affidavit is either personally known to me through the course of conducting my own investigation into the instant offense; my review of various documents, records, and reports regarding the instant offense; or has been provided to me by other law enforcement officers. Consequently, in addition to my own investigation surrounding the instant offense, I have uncovered additional information and evidence that was derived from participating law enforcement officers from the Midland County Sheriff's Office in Midland, Texas.

4. I have not included herein each and every fact known to me regarding the instant investigation. Therefore, this Affidavit is submitted solely for the limited purpose of establishing probable cause to believe that, in the Western District of Texas, JORGE ESTEBAN BERNAL-SAMARIO, a native and citizen of Mexico, knowingly and intentionally re-entered the United States after deportation without first obtaining prior authorization from the Attorney General of the United States or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

5. On April 1, 2025, JORGE ESTEBAN BERNAL-SAMARIO was encountered by the Midland County Sheriff's Office in Midland, Texas during a traffic stop for a traffic violation and apprehended pursuant to an active arrest warrant related to a charge from January 2023 for driving while intoxicated. BERNAL-SAMARIO was booked into the Midland County Detention Center in Midland, Texas. On or about April 1, 2025, a Midland County Jail Officer contacted ICE in Midland, Texas regarding BERNAL-SAMARIO. An ICE deportation officer conducted a telephone interview with BERNAL-SAMARIO. Based on statements that BERNAL-SAMARIO made during his interview and fingerprint identification of BERNAL-SAMARIO, the ICE officer determined that BERNAL-SAMARIO had entered and was present in the United States illegally following his prior removal from the United States and that BERNAL-SAMARIO had not received authorization to enter, be present, or remain in the United States. On or about April 1, 2025, an immigration detainer was lodged against BERNAL-SAMARIO. On or about April 2, 2025, BERNAL-SAMARIO was released to the detainer and transported to the ICE office in Midland, Texas for processing.

6. BERNAL-SAMARIO's physical biographic indicia were captured and submitted for query with the DHS Automated Biometric Identification System. The query verified BERNAL-

SAMARIO's identity and confirmed that he was previously removed from the United States. Computerized indices further revealed the following information:

    a.    On October 4, 2016, BERNAL-SAMARIO was arrested for possession of marijuana less than two ounces. For that offense, on June 16, 2017, in the County Court at Law of Midland County, Texas, BERNAL-SAMARIO was sentenced to six (6) months of deferred community supervision.

    b.    On January 20, 2023, BERNAL-SAMARIO was arrested for the offenses of driving while intoxicated and possession of a controlled substance, penalty group 1/1-B.

    c.    On May 2, 2023, BERNAL-SAMARIO was ordered removed by an immigration judge in El Paso, Texas.

    d.    On September 14, 2023, BERNAL-SAMARIO was convicted in the District Court for the 142nd Judicial District of Midland County, Texas for the offense of possession of a controlled substance, penalty group 1/1-B, less than one gram, committed on January 20, 2023, and he was sentenced to six (6) months of confinement.

    e.    On September 21, 2023, BERNAL-SAMARIO was convicted in the County Court at Law of Midland County, Texas for the offense of driving while intoxicated committed on January 20, 2023, and he was sentenced to twenty-one (21) days of confinement.

    f.    On November 6, 2023, BERNAL-SAMARIO was removed from the United States to Mexico via Laredo, Texas.

    g.    On or about April 2, 2025, BERNAL-SAMARIO was issued and served with a Notice of Intent/Decision to Reinstate Prior Order. BERNAL-SAMARIO's removal on this case is pending.

7. Therefore, based upon my training and experience, I submit that probable cause exists to believe JORGE ESTEBAN BERNAL-SAMARIO, an alien, has been denied admission, excluded, deported, or removed; or has departed the United States while an order of exclusion, deportation, or removal is outstanding; and thereafter, entered, attempted to enter, or was at any time found in the United States, in violation of Title 8, United States Code, Section 1326(a).

8. The penalty for violating Title 8, United States Code, Section 1326(a), depending on criminal history is: up to two (2) years, up to ten (10) years, or up to twenty (20) years of imprisonment; a maximum of one (1) or three (3) years of supervised release; a maximum fine of $250,000; and a $100 mandatory special assessment.

9. Assistant United States Attorney Heather Haywood is aware of this investigation and has agreed to prosecute BERNAL-SAMARIO.

FURTHER AFFIANT SAYETH NAUGHT.

/s/ Steven Storie
Steven Storie, Affiant
Deportation Officer, Badge Number: D06815
Immigration and Customs Enforcement

04/04/2025
Date

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

Sworn to in my presence and subscribed before me in the city of Midland, Midland County, Texas on this, the 4th day of April 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE